IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHELTON FOSTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:15-CV-786-MHT |
| | ) |
| DENNIS MEEKS, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In the amended complaint filed herein on November 18, 2015, the plaintiff names Dr. Millard McWhorter as a defendant.[1] The plaintiff alleges that Dr. Whorter provided inadequate medical treatment to him for a myriad of health issues suffered during his confinement in the Covington County Jail. On December 10, 2015, counsel for Southern Health Partners, Inc., the contract medical care provider for the jail, filed a Suggestion of Death indicating that Dr. McWhorter died on August 31, 2015 (Doc. No. 24).

Under the circumstances of this case, substitution of a party for Dr. McWhorter under Rule 25 of the Federal Rules of Civil Procedure is not available because Dr. McWhorter's death preceded the initiation of this case and the filing of the amended complaint, the pleading in which Dr. McWhorther is first named as a defendant. *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (holding that where defendant predeceased

---

[1] The initial complaint filed with the Circuit Court of Covington County, Alabama on September 2, 2015 did not list Dr. McWhorter as a defendant.

filing of action the rule allowing substitution of a party is inapplicable as all claims against the deceased defendant are extinguished.);[2] *Haynie v. Tennessee State Penitentiary and Hospital*, 904 F.2d 707 (6th Cir. 1990) (Table) (district court properly dismissed inmate's claims against defendant physician because physician died before the suit was filed); *Guettler v. City of Montgomery*, 2012 WL 1987188 at *1 n.1 (M.D. Ala. June 4, 2012) (court dismissed defendant who was deceased prior to filing of the complaint), citing *A.E. and J.E. v. M.C.*, 100 So.3d 587, 595 (Ala. Civ. App. 2012) ("[A] dead person is a nonexistent entity and cannot be a party to a suit.  Therefore, proceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity.  Such proceedings are void *ab initio* and do not invoke the jurisdiction of the trial court.") (citations and internal quotations omitted); *Davis v. Cadwell*, 94 F.R.D. 306, 307 (D.Del. 1982) (substitution of party under federal rules not available to plaintiff where the defendant "for whom substitution is sought has died prior to being named a party."); *Moul v. Pace*, 261 F.Supp. 616 (D.C. Md. 1966) (rule permitting substitution of party not applicable in civil action as to defendant who was dead at the time complaint was filed and case against deceased defendant subject to dismissal); *Laney v. South Carolina Dept. of Corrections*, 2012 WL 4069680 at *4  (D.S.C., May 8, 2012) ("Rule 25 is not applicable

---

[2] *Mizukami* constitutes binding precedent on this court.  *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (adopted all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981 as binding precedent on the Eleventh Circuit and those district courts within its jurisdiction).

in this [inmate civil rights] case ... because Plaintiff sues a person who was already dead, and not a person who was a proper party and served with process prior to dying."); *Chorney v. Callahan*, 135 F.Supp. 35, 36 (D.C. Mass. 1955) (When a case is filed naming a deceased person as a defendant, "[a]t that point the purported action was a nullity, for a dead man obviously cannot be named party defendant in an action.").  Consequently, the court concludes that the claims against Dr. Millard McWhorter are due to be dismissed.

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.  The plaintiff's claims against Dr. Millard McWhorter be dismissed.

2.  Dr. Millard McWhorter be dismissed as a named defendant.

3.  The plaintiff's claims against the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that **on or before January 4, 2016**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done this 18th day of December, 2015.

       /s/Terry F. Moorer
      TERRY F. MOORER
      UNITED STATES MAGISTRATE JUDGE